# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION



FILED
RICHARD W. NAGEL
CLERK OF COURT

2022 OCT 11 PM 2: 44

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **v.** | : |
| | : |
| **BERNHARD JAKITS** | : |

**Case No:** _____

**JUDGE:** _____

**18 U.S.C. § 875(d)**
**18 U.S.C. §§ 2251(a)(1) & (e)**
**18 U.S.C. §§ 2251(d)(1)(B) & (e)**
**18 U.S.C. § § 2252(a)(2) & (b)(1)**
**18 U.S.C. § 2422(b)**
**FORFEITURE ALLEGATIONS**

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
### (Sexual Exploitation of a Minor)

Between in or about December of 2018 and January of 2019, the exact dates being

unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, the defendant,

**BERNHARD JAKITS,** did employ, use, persuade, induce, entice, and coerce, and did attempt

to employ, use, persuade, induce, entice, and coerce, Jane Doe #1, an approximately 15-year-old

female, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the

purpose of producing any visual depiction of such conduct, to wit: one or more digital images

and/or video files depicting Jane Doe #1 engaged in sexually explicit conduct, including the

lascivious display of genitalia, the production of such visual depictions using materials that had

been mailed, shipped, and transported in and affecting interstate and foreign commerce by any

means, specifically the internet and/or cellular phones that were manufactured in whole or in part

outside of the state of Ohio; and such visual depiction actually was transported and transmitted

using any means and facility of interstate and foreign commerce and in and affecting interstate

1

and foreign commerce.

In violation of 18 U.S.C. §§ 2251(a) and (e).

## COUNT TWO
### (Sexual Exploitation of a Minor)

Between in or about January 14 and January 21, 2019, in the Southern District of Ohio

and elsewhere, the defendant, **BERNHARD JAKITS,** did attempt to employ, use, persuade,

induce, entice, and coerce, Jane Doe #1, an approximately 15-year-old female, to engage in

sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing any

visual depiction of such conduct, to wit: one or more digital images and/or video files depicting

Jane Doe #1 engaged in sexually explicit conduct, including the lascivious display of genitalia,

the production of such visual depictions using materials that had been mailed, shipped, and

transported in and affecting interstate and foreign commerce by any means, specifically the

internet and/or cellular phones that were manufactured in whole or in part outside of the state of

Ohio.

In violation of 18 U.S.C. §§ 2251(a) and (e).

## COUNT THREE
### (Sexual Exploitation of a Minor)

Between in or about January 14 and January 21, 2019, in the Southern District of Ohio

and elsewhere, the defendant, **BERNHARD JAKITS,** did employ, use, persuade, induce, entice,

and coerce, and did attempt to employ, use, persuade, induce, entice, and coerce, Jane Doe #2, an

approximately 13-year-old female, to engage in sexually explicit conduct as defined in 18 U.S.C.

§ 2256(2)(A), for the purpose of producing and attempting to produce any visual depiction of

such conduct, to wit: one or more digital images and/or video files depicting Jane Doe #2

engaged in sexually explicit conduct, including the lascivious display of genitalia, the production

of such visual depictions using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, specifically the internet and/or cellular phones that were manufactured in whole or in part outside of the state of Ohio; and such visual depiction actually was transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. §§ 2251(a) and (e).

### COUNT FOUR
**(Coercion or Enticement of a Minor)**

Between in or about December of 2018 and January of 2019, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, the defendant, **BERNHARD JAKITS**, using any means and facility of interstate and foreign commerce, including the internet and a cellular phone, did knowingly persuade, induce, entice, and coerce, and did attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, that is Jane Doe #1, an individual the defendant knew and believed to be an approximately 15-year-old female, to engage in any sexual activity for which any person can be charged with a criminal offense, including 18 U.S.C § 2251(a) (Sexual Exploitation of a Minor).

In violation of 18 U.S.C. § 2422(b).

### COUNT FIVE
**(Coercion or Enticement of a Minor)**

Between on or about January 14 and January 21, 2019, in the Southern District of Ohio and elsewhere, the defendant, **BERNHARD JAKITS**, using any means and facility of interstate and foreign commerce, including the internet and a cellular phone, did knowingly persuade, induce, entice, and coerce, and did attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, that is Jane Doe #2, an individual the defendant knew

3

and believed to be an approximately 13-year-old female, to engage in any sexual activity for which any person can be charged with a criminal offense, including 18 U.S.C § 2251(a) (Sexual Exploitation of a Minor).

In violation of 18 U.S.C. § 2422(b).

## COUNT SIX
### (Making an Interstate Notice for Child Pornography)

Between on or about January 14 and January 21, 2019, in the Southern District of Ohio and elsewhere, the defendant, **BERNHARD JAKITS**, did knowingly make and publish, and cause to be made and published, notices seeking participation in any act of sexually explicit conduct by any minor for the purpose of producing a visual depiction of such conduct, and such notices were transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, by any means, including the internet and cellular phone; to wit, the defendant sent online statements on the TextNow chat application, seeking images and videos depicting Jane Doe #1, an approximately 15-year-old female, and Jane Doe #2, an approximately 13-year-old female, participating in acts of sexually explicit conduct.

In violation of 18 U.S.C. §§ 2251(d)(1)(B) and (e).

## COUNT SEVEN
### (Receipt of Child Pornography)

Between in or about December of 2018 and January of 2019, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, the defendant, **BERNHARD JAKITS**, did knowingly receive one or more visual depictions using any means or facility of interstate or foreign commerce, including a cellular phone and the internet, the production of such visual depictions having involved the use of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such depictions being of such

4

conduct, to wit: digital image and video files depicting minor female children engaged in the lascivious display of the genitalia.

In violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

## COUNT EIGHT
### (Interstate Communications with Intent to Extort)

Betweeen in or about November and December of 2018, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, the defendant, **BERNHARD JAKITS,** knowingly transmitted in interstate and foreign commerce, from the State of Maryland, to the State of Ohio, with intent to extort from A.M., an adult female known to the Grand Jury, things of value, text and voice communications sent via various online communication applications, which contained threats to injure the reputation of A.M.

In violation of 18 U.S.C. § 875(d).

## FORFEITURE A

The allegations of Counts One through Three, Five, and Six of this Information are hereby incorporated by reference as part of this Count as if fully rewritten herein for purposes of alleging forfeitures to the United States of America pursuant to the provisions of 18 U.S.C. § 2253.

As a result of the offense alleged in Counts One through Three, Five and Six of this Information, and upon conviction thereof, the defendant, **BERNHARD JAKITS**, shall forfeit to the United States:

(a) all matter containing said visual depictions or child pornography and child erotica transported, mailed, shipped and possessed in violation thereof; and,

(b) all property used and intended to be used to commit and to promote the commission of the aforementioned violations, including the following:

1. One Apple iPad Pro with a black case, serial number DMPWG0FTHPT4;

2. One black iPhone 11 Pro with a black case, serial number C39ZQ0T1N6XX;
3. One Apple iMac Desktop Computer, serial number C02ZK1LCJWDX; and
4. One Apple laptop computer with a black and silver case, serial number C17N6MT86085.

Forfeiture in accordance with 18 U.S.C. §§ 2253(a)(1) and (3) and Rule 32.2 of the Federal Rules of Criminal Procedure.

## FORFEITURE B

The allegations of Counts Four and Five of this Indictment are hereby incorporated by reference as part of this Count as if fully rewritten herein for purposes of alleging forfeitures to the United States of America pursuant to the provisions of 18 U.S.C. § 2428.

As a result of the offense alleged in Counts Four and Five of this Indictment, and upon conviction thereof, the defendant, **BERNHARD JAKITS**, shall forfeit to the United States:

(a) all matter containing said visual depictions or child pornography and child erotica, transported, mailed, shipped and possessed in violation thereof; and,

(b) all property used and intended to be used to commit and to promote the commission of the aforementioned violations, including the following:

1. One Apple iPad Pro with a black case, serial number DMPWG0FTHPT4;
2. One black iPhone 11 Pro with a black case, serial number C39ZQ0T1N6XX;
3. One Apple iMac Desktop Computer, serial number C02ZK1LCJWDX; and
4. One Apple laptop computer with a black and silver case, serial number C17N6MT86085.

Forfeiture in accordance with 18 U.S.C. §§ 2428 (a)(1) and (b)(1)(A) and Rule 32.2 of the Federal Rules of Criminal Procedure.

A TRUE BILL.

*s/ Foreperson*
FOREPERSON

KENNETH L. PARKER
United States Attorney

HEATHER A. HILL (0100920)
EMILY CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorneys